Dear Mr. Kearns:
As legal counsel for St. Tammany Parish Hospital Service District No. 2 (the "District"), doing business as Slidell Memorial Hospital, you have requested an opinion of the Attorney General's Office regarding the District's authority to name portions of and/or entire hospital buildings in honor of persons, living or dead.
According to your request, St. Tammany Parish Hospital Service District No. 2 is a political subdivision of the State of Louisiana created by the legislature pursuant to Act 180 of 184. Slidell Memorial Hospital Foundation (the "Foundation") is a not-for-profit organization whose sole member is the District. The Foundation proposes to solicit charitable contributions from individuals, businesses and corporations to support its charitable purposes, which include: (a) the support of Slidell Memorial Hospital as a public, non-profit, tertiary care community hospital; (b) the establishment and operation of community health programs; (c) the receipt and administration of funds to support the mission of Slidell Memorial Hospital and its community health programs. The District intends to name portions of hospital buildings and hospital rooms in honor of donors and asks the following questions:
 (1) Does the District have authority to name an entire building (such as its proposed cancer center) in honor of persons, living or dead?
 (2) Does the District have authority to name portions of hospital buildings and individual rooms in honor of persons, living or dead?
Previous opinions of this office have treated the sale of naming rights as a conditional donation. Our office has opined that that La.Const. art. VII, § 14, which prohibits the state and its political subdivisions from donating public funds or assets, does not prohibit the state and its political subdivisions from receiving a donation; furthermore, the donation may be conditional as long as the condition is not contrary to law. See La. Atty. Gen. Op. Nos. 07-0170; 06-0229; 04-0063; 03-0320; seealso La.C.C. art. 1527. *Page 2 
Buildings owned by political subdivisions, such as the District, have some limitations on who they can be named after. La.R.S. 42:267(A) provides:
 Except as authorized or provided by law, no public building, public bridge, public park, public fish or game preserve, or public wildlife refuge owned by the state or by any political subdivision of the state or by any institution receiving its support in whole or in part from the state shall be named in honor of any living person.
Based on the above cited statute and Attorney General Opinions, the answer to your first question is no. Absent specific legislation authorizing the District to name an entire building after a living person, entire buildings may only be named in honor of a deceased person. The law applies in the situation you presented in your opinion request even though the funds will be donated to the Foundation because the District, which is a political subdivision of the state, is acting through the Foundation to collect funds and name buildings.
Your second question (whether parts of a building may be named after any person, living or deceased) has been addressed in past opinions of this office. In Atty. Gen. Op. No. 86-814, this office concluded that a library within a school building may be named for a living person. In Atty. Gen. Op. No. 88-324, this office opined that there is no prohibition against a memorial being named for a living person when it is a portion of a larger complex. In Atty. Gen. Op. No. 89-662, this office determined that naming a visiting area on the grounds of the Louisiana State Penitentiary after a living person did not violate state law. Finally, in Atty. Gen. Op. No. 00-66, we determined that a wing of the Baton Rouge Planetarium may be named in honor of a donor who was still living. Based on these past opinions, the answer to your second question is yes, portions of hospital buildings and individual hospital rooms may be named after persons living or deceased.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt